IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRUSTEES OF THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, | : : : | Case No. 3:11cv00114 |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | (By full consent of the parties) |
| GROUP II INSTALLERS, LTD., et al., | : | |
| Defendants. | : | |

# ORDER

In April 2011, Plaintiff Trustees of the Southwest Ohio Regional Council of Carpenters Pension Fund ("Trustees") filed this action seeking to compel Defendants Group II Installers, Ltd. ("Group II"), and CMF Installers, Ltd. ("CMF"), to pay assessed withdrawal liability to the Southwest Ohio Regional Council of Carpenters Pension Fund. Defendants made a demand for arbitration of the withdrawal liability dispute in a letter dated August 4, 2011, pursuant to the Employee Retirement Income Security Act of 1975 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, et seq. (collectively, "MPPAA").

On May 21, 2012, the parties filed a Joint Motion for Stay Pending Completion of Arbitration (Doc. #19), which the Court subsequently granted. (Doc. #20). On October 9, 2012, Plaintiff Trustees filed a motion requesting the stay be lifted and the arbitration

award issued to them in the amount of $167,674, plus accruing interest, be confirmed by the Court. (Doc. #21). Defendants did not file a memorandum in opposition or otherwise respond.

On November 9, 2012, the Court lifted the stay, confirmed the arbitration award, and entered judgment accordingly. (Docs. #22, 23).

Presently, the case is before the Court upon Defendant CMF's Motion to Vacate Judgment Entered November 9, 2012 (Doc. #26) and Supplemental Motion to Vacate (Doc. #27); Plaintiff Trustees' Memorandum in Opposition (Doc. #28); Defendant's Reply (Doc. #29), and the record as a whole.

Defendant CMF raises two arguments in its motion currently before the Court. Defendant CMF first argues that because Defendant Group II's sole member-owner, Dwan Williams, filed for personal bankruptcy in May 2009 that its debts (along with those of Mr. Williams) were discharged and are not subject to collection. Next, Defendant CMF contends that Defendant Group II rejected the collective bargaining agreement entered into with Ohio & Vicinity Regional Council of Carpenters Union, by operation of law, due to Williams' bankruptcy proceedings, and therefore no withdrawal liability existed in January 2010 as "there was no CBA to 'withdraw' from." (Doc. #27 at 1-3).

Defendant CMF's motion to vacate, filed within 28 days of the judgment entered in this case, is most accurately construed as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. *See Inge v. Rock Financial Corp.*, 281

F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e).")[1]; *see also Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 672 (6th Cir. 2003) (concluding district court did not abuse its discretion in treating a motion made within ten days of entry of final judgment and which made no mention of any Federal Rule of Civil Procedure as a motion under Rule 59(e)).

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Am. Marietta Corp.*, 59 Fed. Appx. at 671. However, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.,* 2012 Fed. App. 1244N (6th Cir. 2012) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g*., 477 F.3d 383, 395 (6th Cir. 2007)). Nor can a party use a motion for reconsideration "as an opportunity to re-argue a case," or introduce evidence for the first time where that evidence could have been presented earlier. *Shah*, 2012 Fed. App. 1244N at *35 (internal citations omitted).

Defendant CMF not only failed to previously raise the arguments now set forth in its motion for reconsideration, but failed entirely to respond to Plaintiff's motion to confirm the arbitration award. The Court will not now reconsider its judgment when such

---

[1] In 2009, Rule 59(e) was amended to provide parties with 28 days after the entry of judgment to file a motion to alter or amend a judgment.

arguments could have been – but were not – previously raised.

In addition, Defendant faces a much larger – and apparently insurmountable – hurdle.  Unquestionably, Defendant ultimately seeks to have the arbitration award, which was previously confirmed by this Court, vacated.  Yet, pursuant to § 1401(b)(2) of the MPPAA, an action to vacate or modify an arbitrator's award must be filed no later than thirty days after the issuance of the award.  29 U.S.C. § 1401(b)(2).  As the arbitrator issued the award on August 18, 2012, it therefore appears any such motion to vacate, modify, or correct the award Defendant now seeks to file would be untimely.[2]

Accordingly, Defendant CMF's motion is without merit.

## IT IS THEREFORE ORDERED THAT:

1. Defendant CMF Installers' Motion to Vacate Judgment Entered November 9, 2012 (Doc. #26) and Supplemental Motion to Vacate (Doc. #27) are DENIED; and,

2. The case remains terminated on the docket of this Court.

February 22, 2013

                                                                    s/Sharon L. Ovington
                                                                       Sharon L. Ovington
                                                      Chief United States Magistrate Judge

---

[2] When not in contradiction with § 1401(b) of the MPPAA, the FAA governs arbitration proceedings held to resolve withdrawal liability disputes.  29 U.S.C. § 1401(b)(3).  Unlike the thirty day period set forth in ERISA, *see* 29 U.S.C. 1401(b)(2), the FAA provides "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  Thus, while Defendant CMF did not present such an argument, the Court nonetheless notes its conclusion would not differ as to the untimeliness of any motion to vacate the arbitrator's award Defendant now seeks to file even if afforded with the more favorable three month period as set forth in the FAA.